UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MANDRELLA C. SHEPHERD-SALGADO | ** ** ** |
| Plaintiff, | ** |
| vs.. | ** ** |
| Tyndall Federal Credit Union, USAA FSB, Arizona Bank, AmeriCredit Financial Services, Inc., Santander Consumer USA, Inc., Chase Auto Finance Corp, , Capital One Auto Finance, Inc., Compass Bank, | ** ** ** ** ** ** ** ** |
| Defendants. | ** |

CIVIL ACTION NO.:

## COMPLAINT

1. Plaintiff, Mandrella C. Shepherd-Salgado, is an individual over the age of 19 years old and is a resident of Baldwin County, Alabama.

2. Tyndall Federal Credit Union is, on information and belief, a Federal Credit Union that does business in this district.

3. USAA FSB is a Texas Corporation that does business in this district.

4. Arizona Bank is, on information and belief, a National Bank that does business in this district

5. AmeriCredit Financial Services, Inc., is a Delaware Corporation that does business in this district.

6. Santander Consumer USA, Inc., is a Texas Corporation that does business in this district.

7. Chase Auto Finance Corp., is a Delaware corporation that does business in this district.

8. Capital One Auto Finance, Inc., is a Texas Corporation that does business in this district.

9. Compass Bank is an Alabama Corporation that does business in this district.

10. The events complained of herein occurred in the Southern District of Alabama.

11. This Court has jurisdiction over this matter based upon *28 U.S.C. 1331*, in that this dispute involves predominant issues of federal law. Defendants are liable unto Plaintiff pursuant to the provisions of the *"Fair Credit Reporting Act", 15 U.S.C. 1681, et seq.*, (FCRA) as well as other applicable federal laws.

## FACTUAL ALLEGATIONS

12. Tyndall Federal Credit Union, on May 2, 2011, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

13. USAA FSB, on April 21, 2011, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

14. AmeriCredit, on April 18, 2011, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

15. Santander Consumer USA, Inc., on April 18, 2011, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

16. On April 18, 2011, Chase Auto Finance, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

17. On April 18, 2011, Capital One Auto Finance, Inc., through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

18. On April 21, 2011, Compass Bank, through its employees, impermissibly accessed Plaintiff's consumer report, though a credit reporting direct access terminal.

19. Defendants are "users" of credit information.

20. Defendants have been afforded, under contract, a direct access terminal whereby they may, for *permissible, lawful purposes*, access consumer reports from Equifax, Trans Union and possibly other consumer reporting agencies.

21. Plaintiff learned of the impermissible inquiries when she was notified by several financial institutions that her application for credit had been declined.

22. Plaintiff was surprised by these notifications because she had not applied for credit with any of the institutions.

23. After reviewing the notices, ordering her credit report and reviewing the same she learned that Defendants made the impermissible inquiries.

24. Defendants, upon each inquiry, certified to the consumer-reporting agency via automated code posting, that they had inquired "for extension of credit, review or other permissible purpose."

25. Defendants accessed plaintiff's consumer reports without any consent or knowledge of Plaintiff.

26. Defendants made the illegal and impermissible accesses, under false pretenses, by falsely certifying their alleged reasons for obtaining the consumer reports.

27. Plaintiff had no accounts, business dealings, or other transactions, of any kind, with defendants.

28. Defendants negligently and/or willfully violated the Fair Credit Reporting Act by impermissibly obtaining Plaintiff's consumer report.

29. Defendants obtained Plaintiff's consumer report under false pretenses and Defendants had no legitimate business need for that information.

30. Plaintiff has been damaged in that each of these unauthorized "pulls" of her consumer credit report has cause a drop in her credit scores.

## COUNT ONE

31. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

32. Defendants are liable unto Plaintiff for the losses and damages caused by the Defendants' actions, as described herein, in the following illustrative, non-exclusive particulars:

    a) Failing to comply with FCRA;

    b) Invading Plaintiff's privacy by impermissibly accessing her consumer reports;

    c) Defaming Plaintiff;

    d) Obtaining Plaintiff's consumer reports under false pretenses;

    e) Obtaining Plaintiff's consumer reports without any legitimate business need for those reports;

    f) Failing to employ adequate and necessary procedures to avoid violations of FCRA;

    g) Invading Plaintiff's privacy and endangering Plaintiffs' financial security;

    h) Engaging in unfair and deceptive practices; and

    i) Other acts of fault to be proven at a trial on the merits.

33. Plaintiff seeks damages, as follows:

    a) Past, present and future lost out-of-pocket expenses;

    b) Past, present and future mental anguish, embarrassment, frustration, humiliation and emotional distress;

    c)    Past, present and future loss of incidental time;

    d)    Past, present and future fear of personal safety and security;

    e)    Punitive damages, statutory damages, attorneys' fees, costs incurred and court costs; and

    f)    Any and all other damages which are reasonable in these premises.

**WHEREFORE, Plaintiff**, prays that after all due proceedings are had there be Judgment herein in favor of Plaintiff and against Defendants as follows:

That there be Judgment herein in favor of Plaintiffs and against Defendants, all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of out-of-pocket expenses, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal safety and security, and for punitive damages, attorneys' fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid. She further, prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

## COUNT TWO
## COMPUTER FRAUD

34.    Plaintiff realleges each and every relevant allegation of her original complaint as if fully set out herein.

35.    This count is brought pursuant to 18 U.S.C. § 1030 et. seq.

36.    On the dates and occasions complained of herein, the defendants, knowingly accessed a computer without authorization or exceeded their authorized access to such computer.

37.    On information and belief, the records pertaining to plaintiff are stored on

mainframe computers owned and/or operated by consumer reporting agencies.

38.     By intentionally accessing said computers without authorization or by exceeding its authorized access, the defendant thereby obtained information contained in a file of a consumer reporting agency on a consumer, to wit, plaintiff, as such terms are defined in the Fair Credit Reporting Act 15 U.S.C. § 1681, et. seq., in violation of 18 U.S.C. §1030 et seq.

**WHEREFORE,** Plaintiff prays for actual damages, statutory damages, punitive damages, and attorney fees.

**RESPECTFULLY** submitted on this 28th day of July, 2011.

_____
EARL P. UNDERWOOD, JR.
**Attorney for Plaintiff**

OF COUNSEL:
**UNDERWOOD & RIEMER, P.C.**
**21 South Section Street**
**Fairhope, AL 36532**
**(251) 990-5558 Voice**
**(251) 990-0626 Fax**
**epunderwood@alalaw.com**

Please serve Defendants by certified mail

**Plaintiff demands a trial by jury herein.**

_____
EARL P. UNDERWOOD, JR.