```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

| | |
|---|---|
| MANDRELLA C. SHEPARD-SALGADO, | * |
| Plaintiff, | * |
| vs. | * Civil Action: 11-00427-B |
| TYNDALL FEDERAL CREDIT UNION, et al., | * |
| Defendants. | * |

## ORDER

The action is before the Court on Defendants Santander Consumer USA, Inc. and Americredit Financial Services, Inc.'s Motion to Dismiss and Motion to Stay (Docs. 6, 8), Defendant Chase Auto Finance Corporation's Motion to Dismiss and Motion to Stay (Docs. 11, 12), Defendant Capital One Auto Finance's Motion to Dismiss (Doc. 15)[1], and Plaintiff's Motion for Omnibus Response to Defendants' Motion to Dismiss (Doc. 31).  A status conference was conducted on September 1, 2011, with counsel for Plaintiff, and Defendants Santander Consumer USA, Inc., Americredit Financial Services, Inc., Chase Auto Finance Corporation, Capital One Auto Finance, Tyndall Credit Union, and USSAA FSB, participating by telephone.

---

[1] Defendant Tyndall Federal Credit Union joined in the above-referenced motions of the co-Defendants. (Docs. 27, 28).

In Plaintiff's motion, she asserts that because she has filed an amended complaint, her original complaint is "no longer in play" and that the Court should issue a briefing schedule for new motions to dismiss. Plaintiff also requests permission to file a single "omnibus response" addressing any such motions filed by Defendants.  At the status conference conducted on September 1, 2011, no issues regarding Plaintiff's right to file the amended complaint were raised; however, counsel for Defendants advised that they each anticipate filing new motions seeking the dismissal of Plaintiff's Amended Complaint. In this case, there is no issue concerning Plaintiff's right to file an amended complaint. Because Plaintiff filed her Amended Complaint within twenty-one days following service of Defendants' Motions to Dismiss, she was entitled under Rule 15(a)(1) of the Federal Rules of Civil Procedure to amend once as a matter of right. Further, an amended complaint normally supersedes the original complaint. <u>Pacific Bell Tel Co. v. Linkline Comm. Inc.</u>, 555 U.S. 438, n.4, 129 S. Ct. 1109, 172 L. Ed. 2d 836 (2009).  Thus, the pending motions to dismiss, which address the sufficiency of the original Complaint, will be treated as moot, and Defendants are directed to file their answer or other response to Plaintiff's Amended Complaint by **September 16, 2011**.  Plaintiff shall file a

separate response to any motions to dismiss by **October 7, 2011**[2]. Any reply by Defendants shall be filed by **October 17, 2011.**

Additionally, the undersigned finds, based on a careful review of the record, that it is in the best interest of the parties and judicial economy, to delay the parties' Rule 26(f) planning meeting and report until after a ruling on any newly filed motions to dismiss. Accordingly, Defendants' request to delay the parties' Rule 26(f) meeting and report is granted.

Ordered this **1st** day of **September, 2011.**

                              ___/s/ Sonja F. Bivins_____
                              **UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff's request to file a single response is denied. The undersigned finds that a single response could be potentially confusing given the number of Defendants involved in this case, and that fact that most are represented by separate counsel.

3